# SUPREME COURT.

### IRA BENTLEY vs. WILLIAM L. JONES et al.

A decision of the court upon a demurrer is not an order, but a *judgment.*

Where there are several issues of law and fact, an appeal does not lie until the final determination of all of them.

Nor does an appeal lie from the judgment until it is entered and perfected. The time for appealing begins to run on service of notice of the entering of the judgment.

*Albany General Term, Feb.* 1850.—*Before Justices* WATSON, PARKER and WRIGHT. A demurrer had been interposed to a part of a reply. On argument before Mr. Justice HARRIS, at special term, judgment was given for the defendant, with leave to the plaintiff to amend on payment of costs. The remaining issue of fact was undecided. Within the time limited for amending, the plaintiff appealed from the judgment on the demurrer. The defendants moved to dismiss the appeal, on the ground that judgment had not been perfected at the time of the appeal.

H. P. HUNT, *for defendants.*

J. HOLMES, *for plaintiff.*

By the Court, PARKER, Justice.—The first question presented is, whether the decision was an *order* and might be appealed from as such, under section 349 of the code.

Every direction of a court or judge, made or entered in writing, and not included in a judgment, is denominated an order, (§ 400.) A judgment is the final determination of the rights of the parties in the action, (§ 245.) In the language of the code, the argument of the demurrer was a trial. A trial is the judicial examination of issues, whether they be of law or of fact, (§§ 252, 255.) And issues of law must be first tried, unless the court otherwise direct, (§ 251.) The adjudication on the demurrer was final, and after the expiration of the time for amending, if no amendment was made, it would authorize the entry and perfecting of judgment. The distinction clearly made in the code is this. An order is the decision of a motion. A judgment is the decision of a trial. It is plain, therefore, that the decision in question was a judgment and not an order, and that an appeal from it, as an order, could not be made.

It remains to consider whether the plaintiff had a right to appeal from it as a judgment when the appeal was entered. Must the appeal be made from the decision or from the judgment, when perfected?

The English statute requires the writ of error to be sued out within a limited time after *judgment signed* or *entered of record,* (2 Tidd, 1064.)

By the Revised Statutes of this state, (5 R. S. 594, § 21,) all writs of error upon any judgment or final determination, rendered in any cause in any court of law and of record in this state, were required to be brought within two years after the rendering of such judgment or final determination, and not after." It was said in *Fleet* v. *Youngs*, (11 Wend. 522,) that it was evident from the change of language made use of in our statute, that it was the intention that the time of limitation should commence running from the date of the decision, and not from the entering of the record, as in England ; and it was accordingly held that the limitation of two years began to run from the entry of the rule for judgment, and not from the time of filing the record. So in *Lee* v. *Tillotson*, (4 Hill, 27,) it was decided that the " final determination," of the court, from which the party desired to bring error to reverse a judgment rendered on a report of referees, dated from the time when the motion to set aside the report was actually decided. The plaintiff claims that a similar construction is to be given to the code ; and that the time for appealing began to run on serving notice of the decision made at special term. Whether this is a correct position, depends upon the language and provisions of the code. The language of the code more nearly resembles that of the English statutes than the Revised Statutes, under which the above cited decisions were made.

The appeal in question was given by section 348 of the code, which authorizes an appeal to be " taken to the general term from *a judgment entered* upon the direction of a single judge of the same court. The appeal must be taken within thirty days after written notice of the judgment, (§ 332.) All judgments are in the first instance to be entered on the direction of a single judge, or report of referees, subject to review at the general term, (§ 278 ;) and the clerk is required to keep, among the records of the court, a book for the entry of judgments, to be called the "judgment book," (§ 279.) Section 280 declares that the judgment shall be entered in the judgment book, and shall specify clearly the relief granted or other determination of the action. Unless a judgment roll is furnished, the clerk, immediately after entering the judgment, is to make up and file the judgment roll, (§ 281.) And on filing the judgment roll, the judgment may be docketed, (§ 282.) Again, section 311 requires the clerk to insert in the entry of judgment on the application of the prevailing party, upon two days' notice, the sum of the charges for costs, &c. ; and by section 310, he is also to compute and add to the costs the interest on a verdict or report for the recovery of money, until *judgment be finally entered.*

The appeal is to be entered in the same manner as if it were an appeal

from an inferior court (§ 348 ;) and on perfecting an appeal from an inferior court the clerk is required to transmit to the appellate court a certified copy of the notice of appeal and of the judgment roll, (§ 328.)

These provisions leave, I think, no doubt that the judgment is not to be considered as *entered* until it is *perfected*. It is not the rule, in the minutes made at the special term, from which the party appeals, but the judgment entered in the judgment book and perfected. The entry in the judgment book, and the making up and filing of the judgment roll, are simultaneous acts ; for it is the duty of the clerk to make up and file the judgment roll immediately on entering the judgment in the judgment book.

The judgment cannot be entered till the costs are ascertained, for the costs are to be inserted in the entry of judgment, (§ 311.) This construction enables the party appealing to ascertain the amount of damages and costs, and to draw his undertaking in accordance with the directions of section 335.

On appeal from a judgment the court may review any intermediate order involving the merits and necessarily affecting the judgment, (§329.)

It will frequently happen, as in this case, that there are several issues of law and of fact, joined in one action. The issues of law are first argued and decided, with leave to amend. The party succeeding on the demurrer, may fail on the issues of fact, and judgment may be given against him on the whole record. In such case, an appeal from the decision on the demurrer would be unnecessary. It cannot be intended that an appeal will lie to the final determination of all the issues in the suit.

The motion to dismiss must therefore be granted ; but, the question being a new one, without costs.