Bird vs. Morrison.

AUGUSTUS A. BIRD, *vs.* JAMES MORRISON, N. W.
DEAN, et al., Appellants.

APPEAL FROM CIRCUIT COURT, MILWAUKEE COUNTY.

Heard September 26.]                [Decided November 29, 1859.

*Appeal—Stay of Proceedings—Practice.*

When on an appeal from an interlocutory judgment, which has settled the
main question in controversy between the parties, the clerk of the court be-
low had sent to this court the original papers, instead of copies, there being
no direction to the contrary made by the judge.   This court will not, on mo-
tion, order the same to be sent back for proceedings in the case below.

An undertaking in the sum of $250, is sufficient to authorize an appeal to this
court; and this court will not dismiss the appeal because the undertaking is
not sufficient to stay the proceedings below, even though it do operate inci-
dentally as a stay.

If the original papers have been brought into this court upon an interlocutory
judgment, and thus the proceedings in the court below are incidentally stay-
ed, without giving the necessary undertaking, this court will allow the ap-
pellee to return the same to the court below, upon leaving a certified copy of
the papers on the files of this court.

This action was commenced by a bill in chancery, before
the adoption of the code, for an account among partners, and
to dissolve the partnership.   After the hearing of the testi-
mony on the main allegations of the bill, the court found
as facts, that the co-partnership had been entered into, and
conducted for some time in the mercantile business; that
subsequently the business was extended to dealings in, and
improvements of real estate; that certain lots of land in
Madison had been contributed by the partners, and im-
provements made upon them; that the title to the lots was
held in the name of Morrison, for the benefit of the other
partners; that Morrison had alienated some of these lots to
Dean, one of the appellants, who was not a partner, but
who had notice of the rights of the co-partners; that Mor-
rison had alienated the balance of the lands to innocent
holders, for a valuable consideration; that the co-partnership

still existed. And as conclusions of law, that the lands alienated by Morrison to *bona fide* holders, were released from all equities of the co-partners; that Dean held the lots alienated to him subject to the equities of the partners, and liable to a distribution among them; that the co-partnership ought to be dissolved, and an account taken before a referee of the business, &c.; that a referree be appointed with full powers as sole referree to hear, try, and determine the cause; and that judgment interlocutory be entered according to the finding of the facts. Upon this finding, judgment was entered, and Morrison and Dean appealed to this court; Morrison from the whole judgment, and Dean from so much as required him to execute to the partners a deed of the lots held by him, and to give an account of their rents, issues and profits.

The appellants gave an undertaking in the sum of $250, to pay costs and damages, according to the provisions of chap. 139, § 15, of the Revised Statutes, 1858; but Dean did not make the deed required by the judgment. On this appeal the clerk of the circuit court sent up all the original papers, upon which the interlocutory judgment had been rendered.

*J. G. Knapp*, for the respondent, moved this court for an order that such of the original papers in this cause be returned to the circuit court for the county of Milwaukee, as have been improperly sent into this court, by the clerk of the circuit court, without any order directing said original papers to be sent into this court instead of copies *thereof*, or for such other order as may be just.

In support of this motion reference was made to §§ 15 and 18, chap. 139 Laws, 1859.

*C. Abbott*, for the appellants.

*By the Court*, DIXON, C. J. The motion must be denied. We consider this judgment so far final as to authorize the clerk of the circuit court to transmit to this court the original papers, unless he was directed by the circuit judge to make and send copies thereof, pursuant to chap. 139, Laws, 1859. No such direction having been given by the circuit judge, the papers are properly here.

After the decision of the foregoing motion, *Mr. Knapp*, on the 21st of October, again moved this court to make an order that

said appellants do execute an undertaking, as is required by law to be executed, in order to stay the execution of the judgment appealed from; and also that the appellant Dean do make and deposite a proper conveyance of the lands mentioned in the said judgment, and therein directed to be executed by the said appellant Dean to the partners; and in case of non-compliance in making said undertaking and conveyance, that the appeal be dismissed; and for such further order, &c.

On this motion reference was made to chap. 139, §§ 15 and 18, Rev. Stat, 1858, chap. 139, Laws of 1859; to the case of *Reed vs. Jones et al.*, in which this court granted an injunction; also to *Jarvis vs. Jarvis*, in which this court made an order for alimony, *pendente lite*, in a case of appeal from an order.

*C. Abbott*, for the appellants, referred to chap. 132, § 25; chap. 140, § 28; Rev. Stat., 4 How. Pr. Rep., 335; 4 Coms., Rep., 416.

*By the Court*, Dixon, C. J. The motion must be denied; a sufficient undertaking on appeal having been executed, and the appeal regularly taken, this court will not compel the appellant, against his wishes, to stay the proceedings on the judgment below by the execution of an undertaking for that purpose, or in default of his so doing, dismiss his appeal. It is optional with him to execute such undertaking, and procure such stay or not, as he may deem most advisable, and whether he does so or not, is a matter which in no way affects the proceedings in this court upon the appeal. Inasmuch as the transmission to this court, by the clerk of the circuit court of the original papers in the cause, *operates incidentally*, as a stay of proceedings in that court, without the giving of the undertaking required by statute for that purpose, we will allow them to be remitted to the court below, upon the filing in their place copies thereof, to be made by the clerk of this court, at the expense of the party making this motion.