THE CAMBRIDGE VALLEY NATIONAL BANK, Appellant, *v.* PATRICK LYNCH, Receiver, etc., Respondent.

A decision of the court, sustaining or overruling a demurrer, is an order, not an interlocutory judgment; and, as in the provision of the Code of Civil Procedure (New Code, § 1349), specifying appealable orders, this is not enumerated, an appeal to the General Term from such a decision does not lie. It can only be reviewed on appeal from a final judgment entered thereon.

(Argued February 18, 1879; decided March 25, 1879.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, which dismissed an appeal from an order sustaining a demurrer to the complaint herein.

The facts appear sufficiently in the opinion.

*Edwin Countryman,* for appellant. The decision appealed from was an interlocutory judgment, and was, as such, appealable. (New Code, § 1349; *Van Gelder* v. *Same,* 13 Hun, 118; Old Code, § 349, subd. 2; id., § 245; *Bel-*

*mont* v. *Ponvert*, 3 Robt., 696; *Bentley* v. *Jones*, 4 How. Pr., 335; 1 Barb. Ch. Pr. [2d ed.], 326, 336–337; 1 Bouv. L. Dict., title Judg., ¶ 24; New Code, § 1201.)

*D. Pratt*, for respondent. The order appealed from did not affect a substantial right, and was not appealable. (*Coit* v. *Stewart*, 50 N. Y., 17; *Barker* v. *Cocks*, id., 680; *Ferris* v. *Aspinwall*, cited in *Coit* v. *Stewart*, *supra*.) The order sustaining the demurrer was not appealable, and the order of General Term dismissing the appeal therefrom was not appealable. (*Adams* v. *Fox*, 27 N. Y., 640; *Wood* v. *Lambert*, 3 Sand. Sup. Ct., 724; Civil Code, § 1347, and note, § 1349.) The order appealed from was not an interlocutory judgment, such as could be appealed from. (Civil Code, §§ 1201, 1236 ; 3 Black. Com., 379; 1 Tomlin's L. Dict. Interlocutory Judgment; 1 Wharton's Dict., 583; 2 Burrill's L. Dict., 91; *Morris* v. *Morange*, 38 N. Y., 172.)

MILLER, J. This was an action upon a promissory note. The defendant demurred to the complaint, and the demurrer was sustained, and leave granted to amend the complaint, upon the usual terms. The plaintiff then appealed to the General Term, and that court dismissed the appeal, upon the ground that the decision was not appealable, for the reason that it was an order, and not an interlocutory judgment. The plaintiff claims that the order is an interlocutory judgment, and, as such, is appealable.

Under the old Code of Procedure, § 349, sub. 2, provision is made for an appeal from an order, when it sustains or overrules a demurrer. This was an amendment to the Code, passed in 1851, it having been held, prior to that time, that the decision of a demurrer was a judgment. (*Bentley* v. *Jones*, 4 How. Pr., 335.) Such provision is not contained in the New Code. Section 1347 provides for appeals from orders, which are enumerated. Section 1349 provides, however, for an appeal to the General Term from an interlocutory judgment rendered at Special Term ; and

section 1200 declares that a judgment is either interlocutory or the final determination of the rights of the parties in the action. While the New Code has omitted to provide for appeals from an order overruling or sustaining a demurrer, it does provide for an appeal from an interlocutory judgment.

Is the order in question an interlocutory judgment? The claim of the appellant is that the new Code, having omitted from its list of appealable orders the decision of a demurrer, and authorized interlocutory judgments, it follows logically that the decision of a demurrer is such a judgment. I do not think that this conclusion is a necessary result. An interlocutory judgment is an intermediate or incomplete judgment, where the rights of the parties are settled but something remains to be done. As when there is an accounting to be had, a question of damages to be ascertained, or a reference required to determine the amount of rent due for use and occupation. (*Belmont* v. *Ponvert*, 3 Robertson, 697, 698 ; *Morris* v. *Morange*, 38 N. Y., 172.)

The order in question did not, we think, partake of the character of an interlocutory judgment, within the rule stated. Section 1201 of the original New Code, which was repealed, would have made it such, perhaps, but as it was not passed by the Legislature, it does not aid the appellant, and is not an accepted definition of such a judgment. The order here was for the defendant, with leave to the plaintiff to amend, etc., within twenty days. The time had passed before any appeal was taken, and as the New Code makes no provision for such an appeal before judgment, the right to take an appeal did not become perfect until a judgment was entered up in favor of the defendant. This would be a final judgment, from which an appeal lies. Until then, we think no appeal could be taken.

It follows that the appeal was properly dismissed, and the order of the General Term must be affirmed.

All concur.

Order affirmed.