Reynolds, J.
The main question made upon the appeal is whether the judgment survives the presumption arising from the lapse of time. Preliminary to this, however, the appellant contends that the court has no right in this action to set aside the-lien of the judgment on the ground that it is barred by the statute of limitations.
The appellant in his answer sets up the judgment aforesaid (and the mortgage upon which it was founded), and also the mortgage of April 25, 1850, claiming that they are valid and substituting liens upon the premises, and asking that they be first paid out of the proceeds of the sale. To this answer the plaintiffs replied, setting up the statute of limitations against the judgment and mortgage, and the defendant, John T. Barnard, in his answer, alleges that they have been actually or presumptively paid, and that they are barred by the statute of limitations. This answer was duly served upon the defendant Onderdonk. .
The Code (Code Civ. Pro. § 1543) provides “ that the title or interest of any defendant, as stated in his answer, may be controverted by the answer of any other *351 defendant,” and that “ the issues joined as prescribed in this section must be tried and determined in the action.”
Admitting, for the sake of argument, as claimed by the appellant, that the complaint does not sufficiently state the defendant Onderdonk’s claim to authorize the other defendants to controvert it under a former clause of this section as having been stated in this complaint, the part above quoted seems exactly to meet the case. The defendant Barnard, in his answer, controverts the title or interest of the defendant Onderdonk as stated in his answer. • The appellant seeks to avoid this by saying that the answer of Barnard 'was served before that of Onderdonk ; and, therefore, it could not, when served, controvert any title or interest of Onderdonk, as none had been set up.
This is altogether too narrow a construction of the statute. The issues to be tried and determined by the court are those presented by the pleadings when the case comes on for trial. If a claim is set up by one defendant which is denied by another, and it be material to the determination of the rights of the parties or the proper disposition of the subject-matter of the action that the questions thus raised should be settled, it can make no difference which answer happens to be first served upon the plaintiff’s attorney.
In this case it was necessary to determine whether the defendant Onderdonk was entitled, as claimed by him, to have this judgment or mortgage paid out of the proceeds of the sale.
This brings us to the question, Was he so entitled ? As the judgment was rendered prior to the Code of 1848, the case is governed by the statute of limitations in force previous to that time. Article 5, title 2, chapter 4, part 3 of the R. S. (vol. 3 of 5th ed., page 590), § 47, enacts that every judgment and decree thereafter rendered in any court of this State shall be presumed *352 to be paid and satisfied after the expiration of twenty years from the time of the signing and filing such judgment or decree, and that the presumption shall be conclusive unless repelled “by proof of payment or of written acknowledgment of indebtedness, made within twenty years, of some part of the amount recovered by such judgment or decree.”
If this was a case admitting of such proof, the defendant made no attempt to introduce it. The appellant claims, however, that the statute only applies to strictly money judgments, and that a judgment of foreclosure is interlocutory and not a final and complete judgment. We do not perceive by what authorr ity we can thus restrict the operation of the statute. The language used by the legislature was as comprehensive as possible : 1 ‘ Every judgment and decree.’ ’
At the time this statute was enacted, the word decree was naturally and more especially applied to the determination of a court of equity, including what we now call a judgment of foreclosure and sale. But mere money judgments were not called decrees, and it would be doing violence to the language of the statute to interpret this word as meaning what was never understood to be its signification, either in common use or legal parlance. But while not an ordinary money judgment rendered by a court of law, it was a judgment or decree for the collection of a sum of money adjudged to be due the plaintiff on his bond—one which he might have enforced by the proper means, first against the mortgaged premises, and second, in case of deficiency, against the obligor on the bond, by judgment and execution. It was thus a judgment against which the presumption of payment as naturally arises from the lapse of time as against a merely personal judgment. The reason and the policy of the law seem to apply to the case in hand, and concededly it comes within the literal terms of the statute.
*353 Neither can we regard the foreclosure decree as in any sense an interlocutory judgment. It was a final and complete determination of the obligations, rights and remedies of the parties. It was the decision from which to appeal, if any appeal was to be taken ; all that was to follow was in the nature of an execution of this decree, and required no further decision or determination of the court; no intervention on its part except by mandatory process to carry out what it had already adjudged. Nothing was left for future litigation. (The distinction between interlocutory and final decrees has been thus stated: “ If in equitable actions all the questions in controversy between the parties have been determined upon' the hearing, and what remains is merely the machinery set in motion by the court to carry its decision into effect, its decision is final. But if anything is left involving future litigation, the determination upon which might affect the ultimate adjustment of the rights of the parties, the decision, decree or order is merely interlocutory.”)*
Regarding the judgment in question as coming within the letter and spirit of the statute, we think the special term judge was right in holding it to be paid and satisfied, and consequently that the mortgage of 1850, given to secure it, was no longer a valid lien upon the premises. Such, mortgage is also presumed to have been paid under section 48 of the statute already cited.
It follows that the judgment appealed from should be affirmed, with costs.
Neilson, Ch. J., concurred.

 See also Cambridge Valley Nat. Bk. v. Lynch, 76 N. Y. 514, 516, and for other definitions, 1 Abb. Law Dic. tit. “Interlocutory.”