Lawrence, J.
The plaintiffs are judgment creditors of the defendant, Edward Bussell, and executions have been issued upon their judgments and have been returned unsatisfied. On October 11, 1883, just one day before the recovery of the plaintiffs’ first judgment, the defendant Edward Bussell made an assignment to Edward Place for the benefit of his creditors, in and by which assignment he made preferences to a large extent, and among said creditors so preferred was his wife, as administratrix, in the sum of $1,654. Prior to the execution of said assignment, by deed dated July 11, 1883, and recorded on October 11, 1883, the said defendant conveyed seven lots of ground, situated on the southeasterly corner of Third avenue and Thirtieth street and adjacent thereto, and also a lot in Brooklyn, to the defendant James Daily, who, by deed dated and recorded on the same day, conveyed the same to the defendant Elizabeth Gr. Bussell, the wife of said Edward Bussell. It is alleged in the complaint that the said defendant Edward Bussell has also transferred certain interests in vessels owned by him of large value to Ms said wife within a year past and also caused to be paid to her large sums of money without consideration, and *99 that he transferred to the said defendant Edward Place, a short time prior to the pretended assignment, a certain promissory note, made by the firm of Slote, Bus-sell & Co., for the sum of $29,000, which said note was secured by mortgage' upon certain real estate, made by said Slote, Bussell & Co., and held and owned by said Bussell.
It is claimed that the said assignment and the transfers and conveyances of said real and personal property were fraudulent and void as against the creditors of the said Edward Bussell, and that a receiver should be appointed, and an injunction granted restraining the defendants or any of them, from assigning or transferring, &c., any of said property, or paying away any of the proceeds thereof or interfering therewith.
Another motion was made and argued at the same time that this motion was heard, requiring the plaintiffs to receive the answers of the defendants Edward G. Bussell and Edward Place individually, it being claimed by the plaintiff that said answers, which were served pursuant to a decision upon a demurrer taken by said defendants to the complaint, were not served in time, and it being contended by the defendants that, as no interlocutory judgment had been entered, the time for such service had not been limited or fixed, and that, as the costs directed to be paid by said decision had been duly tendered at the time of the attempted service of said pleadings, the plaintiff was bound to receive the same. In this contention, I think the defendants are correct (see Liegeois v. McCrackan, 22 Hun, 69 ; Cambridge Valley Bank v. Lynch, 76. N. Y. 514 ; B. & O. R. R. Co. v. Arthur, MS. opinion, General Term, August, 1883; Ward v. Edwards,* Daily *100 .Register, March 11,1884 ; Church v. American Rapid Tel. Co., 47 Super. Ct. [J. & S.] 558).
[The court then adverted to the evidence, and held that it was sufficient to entitle plaintiff to an injunction and receiver.]

 In the case of Ward v. Edwards, it was held (following Cambridge Valley National Bank v. Lynch, 76 N. Y. 514), that a decision upon a demurrer, being an order, not an interlocutory judgment, is not appealable to general term.