### TAYLOR *v.* MACLEA.

*(City Court of New York, General Term.* December 1, 1890.)

1. PLEADING—DEMURRER.
    Where an action is founded on a written contract it is good practice to annex a copy to the complaint, and refer to it as part thereof.

2. APPEALABLE ORDER—DEMURRER.
    No appeal lies from an order sustaining a demurrer, the remedy being to appeal from the judgment entered on the demurrer.

Appeal from special term.

Action by Henry F. Taylor against Robert B. MacLea. The complaint alleges that on or about the 10th day of September, 1890, the plaintiff and defendant entered into a written contract for the hiring by defendant from plaintiff of the dwelling-house No. 65 West Ninetieth street, in the city of New York, "a copy of which is hereto annexed, and forms part of this complaint;" that, in pursuance thereof, the defendant became indebted to the plaintiff on the 1st day of October, 1890, in the sum of $120.83, for rent of said premises, payable on that day; that payment thereof was demanded and refused. Defendant demurred, upon the ground that the complaint did not state facts constituting a cause of action, the argument being that the contents of the lease should have been set out in the complaint according to their legal effect. Plaintiff had judgment on the demurrer, and defendant appeals.

Argued before McADAM, C. J., and EHRLICH and FITZSIMONS, JJ.

*William B. Ellison,* for appellant. *Townsend Wandell,* for respondent.

PER CURIAM. Chief Justice NELSON said, in *Bayley* v. *Insurance Co.,* 6 Hill, at page 479: "As a general rule, a written contract should be set out in pleading according to its legal effect; but, where the true meaning is doubtful, it is most advisable to set out the contract *in hæc verba,* and leave the court to construe it." Citing 1 Chit. Pl. 306, 307; *Ross* v. *Parker,* 1 Barn. & C. 358; *Moore* v. *Earl of Plymouth,* 3 Barn. & Ald. 66, 69, 70. Judge DUER, in *Fairbanks* v. *Bloomfield,* 2 Duer., at page 353, went further. He said: "The safest course, under the Code, where the action is founded on an instrument in writing, is to annex a copy and refer to it as part of the complaint." This we hold is good practice. It was followed in the present instance. The contract annexed is clear and explicit, and, by its terms, the money sued for became due and payable as stated in the declaration. The demurrer interposed was clearly frivolous, and was properly overruled. The defendant, instead of appealing from the interlocutory judgment, has appealed from the order only, and, in consequence, we will, instead of affirming the order, dismiss the appeal, with costs. *Bank* v. *Lynch,* 76 N. Y. 514; *Pardee* v. *Tilton,* 83 N. Y. 624; *Smith* v. *Rathburn,* 88 N. Y. 660.