63  175
36ap638

HARRIET E. QUEREAU, RESPONDENT, *v.* HENRY L. BROWN, APPELLANT, IMPLEADED WITH OTHERS, DEFENDANTS.

*Practice — an order overruling a demurrer — no appeal lies from it — an interlocutory judgment must be entered.*

The defendant in an action interposed to the complaint therein a demurrer, which was overruled, with leave to answer in twenty days. An order to that effect was entered, but no interlocutory judgment was entered upon the order. The defendant did not answer in the time specified. Thereupon the plaintiff moved for final judgment, which was granted.

*Held,* that this procedure was improper.

That, under section 1021 of the Code of Civil Procedure, an interlocutory judgment must be entered, and that the defendant was not in default until its entry.

That while, under the Code of Procedure, an appeal could be taken from the order, under the Code of Civil Procedure an appeal lies only from the interlocutory judgment.

APPEAL by the defendant Henry L. Brown from an order of the Supreme Court, entered in the office of the clerk of the county of Westchester on the 6th day of November, 1891, granting the plaintiff a separate judgment on demurrer against said Brown, and providing that the plaintiff might proceed to trial against the other defendants, who had answered, as if Brown had answered, and that the plaintiff should recover against Brown the same judgment for damages which she recovered against the other defendants.

*Frost & Manser,* for the appellant.

*Silas J. Owens,* for the respondent.

DYKMAN, J. :

This is an appeal from an order directing final judgment in favor of the plainiff against the defendant, Henry L. Brown, who demurred to the plaintiff's complaint.

The demurrer was overruled with leave to the defendant to answer within twenty days on payment of costs. An order to that effect was entered, but no interlocutory judgment.

The defendant did not answer within the twenty days after the service of the order, and thereupon the plaintiff made a motion for final judgment against the defendant Brown, which was granted, and this appeal is from that order.

The order is erroneous. The defendant desired to appeal from the decision overruling the demurrer, but could not do so until an interlocutory judgment was entered.

The decision upon the demurrer granted the defendant leave to answer and required an intermediate judgment, and the defendant was not in default until such judgment was entered. (Code of Civ. Pro., § 1021; *Liegeois* v. *McCracken*, 22 Hun, 69; Rumsey's Pr., 236, 237; *Gray* v. *Rothschild*, 13 Civ. Pro. R., 359.)

Under the old Code the appeal could be taken from the order, but now that is changed and the appeal must be from the judgment. (*Gray* v. *Rothschild, supra; Metropolitan Nat. Bank* v. *Bussell*, 14 Abb. N. C., 99; *Cambridge Valley Nat. Bank* v. *Lynch*, 76 N. Y., 514.)

The order should be reversed, with ten dollars costs and disbursements, and the motion should be denied, with ten dollars costs.

PRATT, J., concurred; BARNARD, P. J., not sitting.

Judgment reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.