OLIN v. ARENDT et al.

(Supreme Court, Appellate Division, First Department. December 9, 1898.)

1. APPEALS—INTERLOCUTORY JUDGMENTS.
    An appeal cannot be taken from an order overruling a demurrer, but must be taken from the interlocutory judgment entered thereon, under Code Civ. Proc. § 1349.

2. PLEADING—JOINDER OF CAUSES OF ACTION—SAME TRANSACTION.
    A cause of action for foreclosure of a mortgage, and a cause of action on a guaranty of payment of the amount secured by the mortgage in consideration of an extension of the time of payment, cannot be united with a cause of action to recover damages from the estate of a grantee of the mortgaged property for a breach of agreement that the mortgagor would erect certain buildings on the premises within a specified time, on the ground that they are based on or arose out of the same transaction, or transactions connected with the same subject of action, within Code Civ. Proc. § 484, subd. 9.

3. SAME.
    The latter cause of action cannot be united in the same complaint, under Code Civ. Proc. § 484, since it is inconsistent with the other two causes of action.

4. SAME—PARTIES.
    The causes of action do not affect all the parties to the action, which is a condition to their being united in one complaint, under Code Civ. Proc. § 484, in that the latter cause of action does not affect the original mortgagor or any of the other defendants except the representatives of said grantee.

Appeal from special term, New York county.

Action by Stephen H. Olin, as guardian, against Simon Arendt and others. From an interlocutory judgment entered on the overruling of a demurrer to the complaint, and from the decision and

order on which such judgment was entered, defendants other than Isabella Arendt and Frances K. Lipman appeal. Appeal from decision and order dismissed. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Louis V. Booraem, for appellants.

George L. Rives, for respondent.

McLAUGHLIN, J. The complaint contains three separate causes of action. The first is the ordinary one in foreclosure. It is, in substance, that the defendant Arendt, for the purpose of securing the payment of $25,000, loaned to him by the plaintiff, executed and delivered to the plaintiff his bond, and, as collateral thereto, a mortgage upon certain real estate; that Arendt subsequently conveyed the real estate to one Julius Lipman; that Lipman thereafter died, leaving a will, in which all the defendants except Isabella Arendt were named as executors; that the will was admitted to probate, and letters testamentary issued to the executors therein named, who qualified and are now acting as such; that Arendt has failed and neglected to pay according to the condition of his bond, and the whole amount of such loan is now due. The second, "repeating all the allegations hereinbefore contained," is, in substance, that at the time of the execution and delivery of the bond and mortgage, and in consideration of the loan, the said Julius Lipman, for the purpose of giving additional security beyond that provided by the bond and mortgage, agreed in writing with the plaintiff that the defendant Arendt would, within a time specified, erect certain buildings upon the premises covered by the mortgage; that there has been a breach of said agreement, in that said buildings were not erected, and that, by reason thereof, the value of the premises is insufficient to secure the amount of the loan. The third, "repeating all the allegations hereinbefore contained," is, in substance, that the defendants Casper, Cohen, Arendt, and Lipman, after they had qualified as executors, agreed in writing with the plaintiff that, in consideration of an extension of the time of payment, they would pay the sum secured by the mortgage at the time and in the manner specified in such agreement, and that they have failed and neglected to perform said agreement on their part. A demurrer was interposed by all the defendants except Isabella Arendt and Frances K. Lipman, upon the grounds (1) that causes of action were improperly united, and (2) that the second and third causes of action did not state facts sufficient to constitute a cause of action. The demurrer was overruled, an interlocutory judgment entered, and the defendants have appealed, not only from the interlocutory judgment, but from the decision and order upon which it was entered. No authority exists for appealing, where a demurrer is overruled, from the decision and order. The appeal must be simply from the interlocutory judgment. Code Civ. Proc. § 1349; Bank v. Lynch, 76 N. Y. 514. Therefore the appeal from the decision and order must be dismissed.

We think the demurrer to the complaint upon the ground that causes of action were improperly united should have been sustained.

A plaintiff may unite in his complaint two or more causes of action, whether they are such as were formerly denominated "legal" or "equitable," or both, when they come within some one of the subdivisions of section 484 of the Code of Civil Procedure. But, where causes of action are thus united, it must appear upon the face of the complaint that they are consistent with each other, and, except as otherwise prescribed by law, that they affect all the parties to the action. Subdivision 9 of this section of the Code provides that causes of action may be united when they are based upon or arose out of the same transaction, or transactions connected with the same subject of action, and the complaint here is attempted to be sustained under this subdivision. We do not think it can be seriously contended that the second cause of action arose out of the same transaction, or is connected with the same subject of action, as the other two. The first cause of action, as we have already seen, is the ordinary complaint in foreclosure. The third is simply a guaranty of payment of the amount secured by the mortgage in consideration of an extension of the time of payment, while the second is to recover damages from the Lipman estate for the breach of a separate and independent contract. It is a cause of action to recover damages for a breach of contract, and nothing else; and the plaintiff, if entitled to recover at all, cannot ascertain what his damages have been until there has been a sale under the foreclosure of the mortgage. If a sufficient sum be realized upon a sale of the real estate under the judgment of foreclosure, then the plaintiff will not have sustained any damage by reason of the breach of this contract, and if, on the other hand, it shall then appear that he has sustained damages, the defendants, other than the representatives of the Lipman estate, are in no way interested in it. The second cause of action is inconsistent with the other two, and does not affect all the parties to the action. We are therefore of opinion that the second cause of action was improperly joined with the other two, and for that reason the demurrer should have been sustained.

It follows that the judgment appealed from must be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to serve an amended complaint within twenty days upon payment of costs in this court and in the court below. All concur.