SUN & EVENING SUN BUILDING, MUTUAL LOAN & ACCUMULATING FUND ASS'N v. BUCK et al.

(Supreme Court, Appellate Division, Second Department. January 10, 1899.)

1. CORPORATIONS—PLEADING—AVERMENT OF INCORPORATION.

Under Code Civ. Proc. § 1775, providing that, "in an action brought by or against a corporation, the complaint must aver that the plaintiff, or the defendant, as the case may be, is a corporation," etc., an allegation in a complaint that plaintiff is a corporation organized under the laws of the state was a sufficient averment of such fact.

2. MORTGAGE—FORECLOSURE—STATEMENT OF CAUSE OF ACTION.

In an action to foreclose a mortgage, where the complaint alleged that defendant agreed to pay the sum secured thereby, by means of certain weekly payments; that none of such payments had been made since a certain date referred to; and that there is justly due plaintiff thereon a certain specified sum,—a demurrer, on the ground that such complaint does not state facts sufficient to constitute a cause of action, was without merit.

Appeal from special term, Kings county.

Action by the Sun & Evening Sun Building, Mutual Loan & Accumulating Fund Association against Jerome Buck, Jr., and others, for the foreclosure of a mortgage. From an order overruling their demurrer to the complaint, defendants Anna B. Lee and Edward P. Burwell appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Hector M. Hitchings, for appellants.

Henry R. Ham, for respondent.

WOODWARD, J. This action is brought for the foreclosure of a certain mortgage executed by the defendant Jerome Buck, Jr., the property having been conveyed by Buck to the defendants Anna B. Lee and Edward P. Burwell prior to the commencement of this action. The defendants demur to the complaint, alleging that it does not state facts sufficient to constitute a cause of action.

A reading of the complaint discovers to us no such defect. The plaintiff alleges that it is a corporation organized under the laws of the state of New York, and this is all that is required, under the provisions of section 1775 of the Code of Civil Procedure, in so far as this branch of the question is concerned. The plaintiff being organized under the provisions of a general statute, the court will not refuse to take notice of the powers conferred by such statute.

It is urged, however, that the complaint is wholly insufficient, because it fails to allege facts showing that any amount is due, owing, or unpaid to the plaintiff, or that there has been any breach of contract by any defendant. The complaint clearly alleges in paragraph 2 that the defendant Buck agreed to pay the sum secured by the bond and mortgage now under consideration by means of certain weekly payments, and in the sixth paragraph it is alleged that none of the payments therein provided have been made "since the 8th day of November, 1897," and it is further alleged that "there is now justly due the plaintiff upon the said bond and mortgage the sum of five thousand and

fifty-two $^{02}/_{100}$." Under the well-known rule that all facts alleged are admitted on demurrer, it is difficult to understand how the defendants can successfully claim that the indebtedness is not fully established, or that the complaint does not, in this respect, make out a complete cause of action. If there is due and owing on said bond and mortgage the sum of $5,052.02, the plaintiff has a right to recover, and, this fact being conceded by the demurrer interposed, it is clear that the defendants are in no position to urge this alleged defect in pleading as a ground for sustaining the demurrer. The fact of indebtedness being one of the facts necessary to constitute a cause of action, the defendants cannot concede the fact, and then urge that it is improperly pleaded. "On demurrer to a complaint as defective, in that it does not state facts sufficient to constitute a cause of action, the complaint must be liberally construed, and all its allegations, for the purposes of the demurrer, taken as true. And such demurrer can be sustained only where the complaint presents defects so substantial and fatal as to authorize the court to say that, taking all the facts to be admitted, they furnish no cause of action whatever. If the facts stated in the complaint entitle the plaintiff to any relief, a demurrer for want of sufficient facts should be overruled." 6 Enc. Pl. & Prac. p. 346. Under this rule, there can be no doubt that the plaintiff in this action has made averments which entitle it to relief, and this court will not look for technical defects in the pleadings to sustain the demurrer. No question is raised by the respondent that an interlocutory judgment should have been entered on the order before it was appealable to this division of the court, and therefore we have disposed of the question on the merits.

The order overruling the demurrer should be affirmed, with costs.

Order overruling demurrer affirmed, with costs, with leave to appellants to withdraw demurrer, and serve answer within 20 days, on the payment of the costs of the demurrer and of its appeal.

WILLARD BARTLETT, J. As I think it is clear that this order is not appealable, I am in favor of dismissing the appeal. Quereau v. Brown, 63 Hun, 175, 17 N. Y. Supp. 644.