MODERN ENGINEERING CORPORATION, Appellant, v. SARATOGA SPRINGS AUTHORITY and Another, Respondents.— Appeal by the plaintiff from an order denying its motion for a temporary injunction, and dismissing the complaint on cross-motion of the defendant Comptroller for judgment on the pleadings. The Saratoga Springs Authority advertised for bids for the construction of a bottling plant on the Saratoga Springs Reservation. Plaintiff was low bidder. The bid, however, was rejected and the authority was preparing to enter into a contract with one of the other bidders; thereupon the plaintiff commenced this action to restrain the defendants from approving or entering into said contract with any other bidder, and obtained an order requiring the defendants to show cause why they should not be restrained *pendente lite* from awarding said contract to any other bidder. The defendant Comptroller made a cross-motion returnable at the same time for an order dismissing the complaint and for judgment upon the pleadings. The order of the court below denied the application for an injunction and dismissed the complaint. The specifications stated that the authority had entered into a contract with the RFC, by which the latter corporation agreed to loan money to the authority for the project in question; that the moneys for the payment upon the construction contract were the proceeds of the sale of bonds by the authority to the RFC, and that all work under the contract " shall be done in conformance with the restrictions required in the bond purchase contract." Said contract contained a clause that " The borrower will complete the project within twenty-four months from the first purchase of bonds." The first bonds were purchased by the RFC October 17, 1933. The plaintiff's bid specified the completion date as November 1, 1935. The specifications also required the bidder to establish to the satisfaction of the authority that it had successfully completed a contract for similar work in an amount not less than fifty per cent of the amount of the proposed contract. The plaintiff had never previously been awarded any contract, but a subsidiary corporation wholly owned and controlled by plaintiff had previously performed construction work, and it was the intention of the plaintiff in case the contract was awarded to it, to assign such contract to its subsidiary. Plaintiff's bid was rejected upon the grounds that the completion date specified in its bid was a date beyond the limit fixed by the specifications and that plaintiff was not shown to possess the requisite experience in construction work. The specifications also required that bidders should possess proper financial responsibility. While the defendants did not at the time of rejection of plaintiff's bid, base such rejection upon lack of financial responsibility, that reason was advanced before the court below as a sufficient reason therefor. The plaintiff now claims that its motion for an injunction should have been granted; that the defendant, having made a cross-motion for judgment on the pleadings, such motion was necessarily made under section 112 of the Rules of Civil Practice, and that only the complaint may be considered to determine its sufficiency. The defendants assert that there is documentary evidence, coupled with admissions of the appellant sufficient to support the defense of lack of experience and improper completion date; that plaintiff's lack of requisite financial responsibility has in like manner been shown, and that, therefore, the court was authorized to consider the answers

and affidavits and admissions under the provisions of rule 113 of the Rules of Civil Practice and under section 476 of the Civil Practice Act. Respondents also point out that the plaintiff has appealed from the order dismissing the complaint and has not appealed from the judgment entered upon said order and asserts that such order is not appealable. A grave question exists whether the order dismissing the complaint is appealable. The practice seems to contemplate an appeal from the judgment. (See Civ. Prac. Act, § 609; *Cambridge Valley National Bank* v. *Lynch*, 76 N. Y. 514.) If it be assumed that the order is appealable, the dismissal of the complaint was proper. No substantial right of plaintiff has been prejudiced by any of the irregularities complained of. (See Civ. Prac. Act, § 105.) Orders unanimously affirmed, with one bill of costs. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.