Amelia L. Spies, Respondent, *v.* John Munroe and Others,
Appellants.

*An allegation in an answer, of ratification — when a conclusion of fact and not a
conclusion of law — distinguished from an affidavit — no appeal lies from a
"decision."*

An allegation contained in an answer interposed in an action, as follows: "with
full knowledge of all the facts in any way connected with or relating to said
transactions, plaintiffs duly ratified and confirmed in all respects the payment
to these defendants of the sum of seventy-five hundred dollars ($7,500), men-
tioned in the complaint, * * * and elected to consider the same a proper
and valid payment to defendants, made at the request and for the account
and benefit of Waydell & Co., and to look to them for repayment of said sum,"
is an allegation of a conclusion of fact and not an allegation of a conclusion
of law.

*Semble,* that in an affidavit the evidence establishing a fact, and not a conclusion
of fact drawn from the evidence, must be set forth.

No appeal lies from a "decision."

Appeal by the defendants, John Munroe and others, from an
interlocutory judgment of the Supreme Court in favor of the plain-
tiff, entered in the office of the clerk of the county of New York on
the 28th day of July, 1898, upon the decision of the court rendered
after a trial at the New York Special Term sustaining the demurrer
interposed by the plaintiff to the third defense set up in the defend-
ants' amended answer, and also (as stated in the notice of appeal)
from the decision upon which said interlocutory judgment was
entered.

*George A. Strong,* for the appellants.

*James Harold Warner,* for the respondent.

McLaughlin, J. :

The demurrer was interposed to the third separate defense set
out in the defendants' answer upon the ground that it was insuffi-
cient in law and that it did not constitute a defense to the plaintiff's
cause of action. The demurrer was sustained and the defendants
appealed, not only from the interlocutory judgment, but also from
the decision upon which it was entered. There is no authority for
appealing from the decision. (*Cambridge Valley Nat. Bank* v.

*Lynch*, 76 N. Y. 514.) The appeal must be from the interlocutory judgment. (Code Civ. Proc. § 1349.) So much, therefore, of the appeal as is taken from the decision must be dismissed.

The learned justice at Special Term, as appears from his opinion, held that the answer demurred to was insufficient because it stated a "conclusion of law only." In this, we think, he was mistaken. The allegations are that, "with full knowledge of all the facts in any way connected with or relating to said transactions, plaintiffs duly ratified and confirmed in all respects the payment to these defendants of the sum of seventy-five hundred dollars ($7,500) mentioned in the complaint * * * and elected to consider the same a proper and valid payment to defendants, made at the request and for the account and benefit of Waydell & Co., and to look to them for repayment of said sum." Facts are here alleged which, if established upon the trial, would constitute a defense to the action. It was not necessary for the defendant to set out the evidence by which the facts were to be established. It is obvious from the opinion delivered by the learned trial justice that he inadvertently fell into an error by applying to a pleading the rule applicable to affidavits. In an affidavit the evidence establishing a fact and not a conclusion of fact drawn from the evidence must be set forth, while a pleading need contain simply a statement of fact and not the evidence to establish it. This distinction was pointed out by the presiding justice of this court while sitting in the late General Term. In *Westervelt* v. *Agrumaria* (58 Hun, 147) he said: "It is the office of a complaint to allege conclusions of fact deduced from evidence, whereas, it is the office of an affidavit to set out the evidence establishing these conclusions of fact."

The following allegations in a pleading have been held to be a sufficient allegation of fact: That an election was duly and legally held (*People ex rel. Crane* v. *Ryder*, 12 N. Y. 433); that a note was duly indorsed by an officer duly authorized (*Nelson* v. *Eaton*, 26 id. 410); that a corporation was duly organized (*Lorillard* v. *Clyde*, 86 id. 384); that the defendant was not the true owner and was not seized of the premises in fee. (*Woolley* v. *Newcombe*, 87 id. 605.) Under these authorities, and many others which might be cited, it seems to us clear that the demurrer should have been overruled.

It follows, therefore, that the interlocutory judgment appealed

from must be reversed, with costs and disbursements, and the demurrer overruled, with costs, with leave to the plaintiff to withdraw demurrer on payment of costs in this court and in the court below.

VAN BRUNT, P. J., RUMSEY and INGRAHAM, JJ., concurred.

Appeal from decision dismissed.

Judgment reversed, with costs, and demurrer overruled, with costs, with leave to plaintiff to withdraw demurrer on payment of costs in this court and in the court below.