STEPHEN H. OLIN, as Guardian of the Persons and Estates of ALICE T. OLIN and JULIA L. OLIN, Respondent, *v.* SIMON ARENDT and Others, Individually and as Executors, etc., of JULIUS LIPMAN, Deceased, Appellants, Impleaded with Others.

*Misjoinder of causes of action — mortgage foreclosure joined with a cause of action on the covenant of a third person to build on the mortgaged premises — no appeal lies from a decision or order on which an interlocutory judgment is entered.*

A complaint stated three separate causes of action. The first cause of action was the ordinary one for the foreclosure of a mortgage on real estate and alleged the execution of the bond and mortgage by one of the defendants, and that such defendant subsequently conveyed the mortgaged property to one Julius Lipman, of whose will all of the defendants but one were the executors.

The second cause of action by its terms repeated "all the allegations hereinbefore contained," and alleged that at the time of the execution and delivery of the bond and mortgage, and in consideration of the loan, the said Julius Lipman, for the purpose of giving additional security beyond that provided by the bond and mortgage, agreed in writing that the defendant mortgagor would erect certain buildings upon the mortgaged premises, and that there had been a breach of said agreement.

The third cause of action also repeated "all the allegations hereinbefore contained," and alleged that the defendants who were executors of Julius Lipman, after they had qualified as such executors, agreed in writing with the plaintiff that, in consideration of an extension of the time of payment, they would pay the sum secured by the mortgage at the time and in the manner specified in such agreement, and that they had failed and neglected to perform such agreement.

*Held*, that a demurrer interposed to the complaint upon the ground that causes of action were improperly united should be sustained, as the second cause of action did not arise out of the same transaction and was not connected with the same subject of action as the other two, and for the further reason that such cause of action was inconsistent with the other two and did not affect all the parties to the action.

No appeal lies from the decision and order upon which an interlocutory judgment overruling a demurrer is entered, but the appeal must be taken simply from the interlocutory judgment.

APPEAL by the defendants, Simon Arendt and others, individually and as executors, etc., of Julius Lipman, deceased, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 28th day of June, 1898, upon the decision of the court rendered after a trial at the New York Special Term overruling the said defendants' demurrers to the complaint, and also (as stated in the notice of appeal) from the decision and order upon which the said interlocutory judgment was entered.

*Louis V. Booraem*, for the appellants.

*George L. Rives*, for the respondent.

McLAUGHLIN, J.:

The complaint contains three separate causes of action. The *first* is the ordinary one in foreclosure. It is in substance that the defendant Arendt, for the purpose of securing the payment of $25,000 loaned to him by the plaintiff, executed and delivered to the plaintiff his bond, and, as collateral thereto, a mortgage upon certain real estate; that Arendt subsequently conveyed the real estate to one Julius Lipman; that Lipman thereafter died, leaving a will in which all the defendants except Isabella Arendt were named as executors; that the will was admitted to probate and letters testamentary issued to the executors therein named, who qualified and are now acting as such; that Arendt has failed and neglected to pay according to the condition of his bond, and the whole amount of such loan is now due. The *second*, " repeating all the allegations hereinbefore contained," is in substance that, at the time of the execution and delivery of the bond and mortgage, and in consideration of the loan, the said Julius Lipman, for the purpose of giving additional security

beyond that provided by the bond and mortgage, agreed in writing with the plaintiff that the defendant Arendt would, within a time specified, erect certain buildings upon the premises covered by the mortgage ; that there has been a breach of said agreement in that said buildings were not erected, and that by reason thereof the value of the premises is insufficient to secure the amount of the loan. The *third,* " repeating all the allegations hereinbefore contained," is, in substance, that the defendants Casper, Cohen, Arendt and Lipman, after they had qualified as executors, agreed in writing with the plaintiff that, in consideration of an extension of the time of payment, they would pay the sum secured by the mortgage at the time and in the manner specified in such agreement, and that they have failed and neglected to perform said agreement on their part.

A demurrer was interposed by all the defendants except Isabella Arendt and Frances R. Lipman, upon the grounds (1) that causes of action were improperly united, and (2) that the second and third causes of action did not state facts sufficient to constitute a cause of action. The demurrer was overruled, an interlocutory judgment entered, and the defendants have appealed not only from the interlocutory judgment but from the decision and order upon which it was entered. No authority exists for appealing, where a demurrer is overruled, from the decision and order. The appeal must be simply from the interlocutory judgment. (Code Civ. Proc. § 1349 ; *Cambridge Valley National Bank* v. *Lynch,* 76 N. Y. 514.) Therefore, the appeal from the decison and order must be dismissed.

We think the demurrer to the complaint, upon the ground that causes of action were improperly united, should have been sustained. A plaintiff may unite in his complaint two or more causes of action, whether they are such as were formerly denominated legal or equitable or both, when they come within some one of the subdivisions of section 484 of the Code of Civil Procedure. But where causes of action are thus united it must appear upon the face of the complaint that they are consistent with each other, and, except as otherwise prescribed by law, that they affect all the parties to the action. Subdivision 9 of this section of the Code provides that causes of action may be united when they are based upon or arose out of the same transaction, or transactions connected with the same subject of action, and the complaint here is attempted to be sustained under this subdivis-

ion. We do not think it can be seriously contended that the second cause of action arose out of the same transaction or is connected with the same subject of action as the other two. The first cause of action, as we have already seen, is the ordinary complaint in foreclosure; the third is simply a guaranty of payment of the amount secured by the mortgage in consideration of an extension of the time of payment, while the second is to recover damages from the Lipman estate for the breach of a separate and independent contract. It is a cause of action to recover damages for a breach of contract and nothing else, and the plaintiff, if entitled to recover at all, cannot ascertain what his damages have been, until there has been a sale under the foreclosure of the mortgage. If a sufficient sum be realized upon a sale of the real estate under the judgment of foreclosure, then the plaintiff will not have sustained any damage by reason of the breach of this contract; and if, on the other hand, it shall then appear that he has sustained damages, the defendants, other than the representatives of the Lipman estate, are in no way interested in it. The second cause of action is inconsistent with the other two, and does not affect all the parties to the action.

We are, therefore, of opinion that the second cause of action was improperly joined with the other two, and for that reason the demurrer should have been sustained.

It follows that the judgment appealed from must be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to serve an amended complaint within twenty days, upon payment of costs in this court and in the court below.

VAN BRUNT, P. J., RUMSEY and INGRAHAM, JJ., concurred.

Appeal from decision and order dismissed.

Judgment reversed, with costs, and demurrer sustained, with costs, with leave to the plaintiff to serve amended complaint within twenty days, upon payment of costs in this court and in the court below.