RUSS et al v. MAXWELL et al.

(Supreme Court, Appellate Division, Fourth Department.  May 3, 1904.)

1. JUDGMENT—CONCLUSIVENESS.

In an action for partition, the plaintiffs claimed under a deed which their father, one of the defendants, had previously sought to have set aside on the ground that he had been fraudulently induced to execute it in ignorance of the execution of a deed to himself for, the same property. The answer in that suit admitted the execution of the deed to him. *Held*, that a finding by the court, as a fact, that the deed had not been delivered to him, was not conclusive in the partition suit.

2. DEED TO GRANTOR'S CHILDREN—CONSIDERATION.

A deed to the children of the grantor requires no pecuniary consideration to support it.

3. SAME—INTERVENING LIFE ESTATE—RIGHTS OF AFTER-BORN CHILDREN.

Under a deed to one grantee for life, and, after the death of the life tenant, to the children of the grantor, children of the grantor thereafter born take the same interest as children of the grantor in being at the time of the execution of the deed, where the circumstances of the case show that it was intended to be a departure from the general rule that an estate depending on an intermediate estate becomes vested on the delivery of the conveyance.

---

¶ 2. See Deeds, vol. 16, Cent. Dig. § 29.

4. APPEAL—JURISDICTION—STATUTE—STIPULATION.

Though, under Code Civ. Proc. § 1340, an appeal may only be taken from a final judgment of the county court, yet, where an appeal is prosecuted from an interlocutory judgment of that court, it will be considered on the merits; the parties, in order to obviate the difficulty, having by written stipulation consented that the appeal might be treated as a motion for a new trial upon exceptions.

Appeal from Erie County Court.

Action by Elizabeth H. Russ and others against George Maxwell and others. From a judgment for plaintiffs, defendants appeal. Modified.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

O. O. Cottle, for appellants Thompson Maxwell and others.
Edmund P. Cottle, for appellants E. P. and W. T. Maxwell.
C. T. Tabor and Frank L. Barnet, for respondents.

SPRING, J. The action is for the partition of certain real estate situate in the city of Buffalo, and the rights of the parties thereto are derived primarily from the will and codicil of Elizabeth H. Maxwell, who died in the city of Buffalo in September, 1870. By her will the said testatrix gave all of her property to John Allen in trust to collect the rents and income and apply them to the use of her husband, Joshua, during his life. After the death of her husband the trustee was directed to apply one-third of said income to the use of Thompson Maxwell, a son of her husband by a former wife, and two-thirds thereof to Lydia and Robert Scanlon, children of the deceased daughter of the said Joshua, also by a former wife. The fee and corpus of her estate upon the death of Joshua and Thompson were to pass to the children then living of Thompson and the said Lydia and Robert Scanlon in equal portions, except that the Scanlon children were to receive at least one-half thereof. There are other provisions unimportant upon this appeal. By a codicil executed in January, 1870, there are several provisions for the benefit of her husband, one or two only of which it will be necessary to consider. The codicil provides that, in case said Joshua "shall request said trustee in writing or by a last will and testament so to do," the said trustee was directed "at any time before the expiration of said trust" to "convey to any or either of the persons named in said will" any portion of her estate contained in said written request or designation by will, and that the conveyance made in pursuance thereof shall effectually vest the title in such grantee. By a further clause in said codicil the said Joshua was empowered to designate by his will "the person or persons to whom the property devised and bequeathed by my said will shall go and belong after the expiration of the trust created by my said will," only the designation must be limited to a relative or descendant of said Joshua. On or about the 18th day of January, 1879, the said Joshua requested the trustee to convey to Thomas Maxwell the premises described in the complaint. The trustee executed a deed of said premises described in the complaint, in pursuance of said request, to said Thompson Maxwell; and the court has found that the same was

delivered to said grantee, "or to O. O. Cottle for him." This deed recites the request of Allen, the trustee, to execute the same, and Joshua Maxwell united in the execution of that conveyance to indicate his compliance with the condition imposed in the codicil. Thereafter, and about the 31st day of January, the said Thompson Maxwell and Theresa, his wife, at the request of his father, executed and delivered a conveyance of the same premises to Helen L. Maxwell, the wife of Joshua, as the party of the second part, during her natural life, and after her decease unto the children of said Thompson, parties of the third part. The said Helen L. Maxwell is now dead, and among other questions to be determined upon this appeal is the effect of the clause conveying to the parties of the third part.

In 1889 Thompson Maxwell commenced an action in the Supreme Court to set aside the said deed which he had delivered to his stepmother, Helen. He alleged the execution of the deed by the trustee to him in conformity to the direction of his father, and its delivery to "Helen L. Maxwell for this plaintiff." He then charged that the said written request and the execution and delivery of this deed were kept secret from him, and that he was fraudulently induced to execute the conveyance to his stepmother in ignorance of the deed to himself. The answer of Helen Maxwell admitted such request, and the execution of the deed to Thompson by the trustee. That action was tried, and resulted in the dismissal of the complaint on the merits. While the proof showed the deed by the trustee to Thompson was delivered to Mr. Cottle, and never in fact came into the actual, physical possession of the grantee, yet that was not an issue in the action. Thompson Maxwell was not attacking the validity or delivery of that conveyance, for the maintenance of his action depended upon the title he acquired from the trustee. He was seeking the cancellation of the conveyance by himself, and, succeeding in that venture, he expected to be vested with the absolute title by virtue of the deed from the trustee. The groundwork of his right to maintain the action at all was the deed to him from the trustee. The court, notwithstanding the allegations of the complaint and the admission in the answer, found as a fact that the said deed from the trustee was not delivered to Thompson Maxwell, and that he did not become the owner of said premises. The appellants contend that, inasmuch as all the present parties were parties to that action, the judgment entered upon that decision is an adjudication that the deed was never delivered to Thompson. The position would be invulnerable if the finding were a material one to the issues in that action. It is to be kept in mind that the delivery of the deed to Thompson was not one of the vital questions in that case. The issue there was whether the conveyance executed by Thompson to Helen L. Maxwell was fraudulent, for the reason he was not informed of the deed to himself. It was not claimed that the delivery, though made without his knowledge, was not effective to vest him with the title. There was never any repudiation of the deed by the trustee to Thompson by the latter, but he recognized its validity in that action and in other proceedings, so that delivery of the deed to Cottle and its recording were equivalent to a delivery to the grantee. Wilcox v. Drought, 71 App. Div. 402-407,

75 N. Y. Supp. 960; Everett v. Everett, 48 N. Y. 218. The judgment is not conclusive, because the issues were not identical with those involved in the present action. Reynolds v. Ætna Ins. Co., 160 N. Y. 635, 55 N. E. 305.

The court say at page 651, 160 N. Y., and page 310, 55 N. E.:

"The conclusive character of a judgment as a bar extends only to the identical issues which were tried in the former action. They must be the same in each action, not merely in name, but in fact and in substance; and the party seeking to avail himself of a former judgment as conclusive evidence or as a bar in a subsequent action must show affirmatively that the question involved in the second was material and determined in the former, as a former judgment would not operate as an estoppel in a subsequent action as to immaterial and unessential facts, even though put in issue and directly decided. It is final only as to facts litigated and decided which relate to the issue, and the determination of which was necessary to the determination of that issue."

In this case the issue is directly raised as to the delivery of the deed, and that is the dominating question involved.

Again, it is to be observed in that action that the complaint of the plaintiff was dismissed. Thompson Maxwell apparently never appealed from the judgment. The defendants who had succeeded were not called upon to appeal, because, forsooth, the trial judge placed his decision in part, at least, upon a finding of fact for which they had not contended. Upon the present trial the proof consisted almost entirely of the evidence given on the former trial, and which was read from the stenographer's minutes. In addition, there was testimony given by Mrs. Russ, one of the plaintiffs, tending to show that Thompson Maxwell knew of the existence of the deed from the trustee, and always claimed that he acquired title therefrom. We think there was sufficient evidence to justify the finding that the deed from the trustee was in fact delivered to Thompson, or that he recognized and ratified its delivery, so that he is now estopped from questioning it.

It is urged that the execution of the deed by the trustee to Thompson, and the simultaneous preparation of the deed from the latter to Helen L. Maxwell, indicate a purpose to circumvent the clause in the codicil of Mrs. Elizabeth H. Maxwell requiring that the designation be to a person related to Joshua. Ten days intervened the execution of the two deeds, and Thompson was not required to execute at all. Beyond that, however, the question is now an academic one. The deed of Thompson conveyed a life estate to Helen, and the fee to the children, to become effective upon the termination of the life estate. The life use is now ended by the death of Helen, and the children of Thompson are within the category of those to whom the designation applied. Their title is the one now sought to be upset. The deed, being to the children of Thompson, does not require any pecuniary consideration to support it. Loeschigk et al. v. Hatfield, 51 N. Y. 660. The children who are the grantees are the gainers by the entire transaction of the two conveyances.

The other questions of fact have been determined by the trial court adversely to the defendants, and upon adequate evidence, and it is unnecessary to review them. The same questions substantially

were directly involved in the former action, and the findings were then against the contention of Thompson Maxwell.

It is often very difficult to determine who are the ultimate takers of property whose possession, at least, does not become operative until after the termination of an intervening or contingent estate. There is a canon of construction that the estate to a devisee is supposed to vest at his death, and consequently those who are to take must then be capable of identification and of taking. All other things being equal, this may be regarded as the general rule. Moore v. Lyons, 25 Wend. 119; Nelson v. Russell, 135 N. Y. 137, 31 N. E. 1008; Hersee v. Simpson, 154 N. Y. 496, 48 N. E. 890. This rule is not an unvarying one, but must yield, like every other canon of construction, to the intention of the devisor or parties to the deed. This conveyance is to vest the title in the children of Thompson, to become effective upon the death of Helen Maxwell. The language of the habendum clause in the conveyance reads:

"To Have and to Hold, the said premises unto the party of the second part, for and during the remainder of her natural life, and after her decease, unto the said parties of the third part, their heirs and assigns forever."

Does that mean, if there are any after-born children of Thompson, they are to be cut off? Was it his intention, or that of Johsua, to discriminate in favor of any of these children, or is not the assumption the more reasonable that it was the expectation that the children of Thompson alive at the time the estate vested in possession were to be the recipients of the fee? There are two or three circumstances which tend to give confirmation to this suggestion. In the first place, the names of the children grantees are not mentioned in the conveyance, as we would naturally expect if the title was to vest in living persons. The grantees are a class not individual takers. In the second place, the will of Elizabeth Maxwell, who was the owner of the property, and whose wishes were of paramount importance in its disposition, provided, in terms, that the children of Thompson living at the time of the termination of the trust estate should be the beneficiaries, not those living at her decease. In the third place, it is to be noted that in the will of Joshua he exercised the power given him in the codicil of his wife, Elizabeth, to designate to whom the trustee should convey or transfer portions of her estate. He directed that the avails of a farm, with the stock and personal property thereon, be used for the maintenance of Thompson during the lifetime of the life tenant; after his death, that the trustee convey and transfer the same to the children of Thompson living at the time of the termination of the life estate, and to the descendants of any who may have died. It is therefore apparent that both Elizabeth and Joshua, whenever we can find any expression of their intention, designed that the children of Thompson living at the time of the expiration of the life estates were to be the eventual takers. Again, it is repulsive to one's conception of his paternal duty that he should so dispose of his property as to deprive children who may be born to him subsequent to the transfer, but before possession accrues, of their aliquot proportion of the property conveyed. Thompson Maxwell was a poor man at the time of this conveyance, limited in

his property to that conveyed, and the younger children are those who would be apt to need financial aid above the requirements of their elders upon the decease of their father.

It is of little use to cite authorities to uphold any given interpretation to a clause in a will or deed to children. Whether to a class, or to individuals who are capable of taking at the time of the death of the testator, or the delivery of the conveyance, must depend on the peculiar circumstances which serve to elucidate the real intent governing the transaction. "The language and the circumstances are so seldom identical that it is not often that one case can be determined upon the authority of some other case or class of circumstances." Matter of Russell, 168 N. Y. 169-174, 61 N. E. 166.

The rule is thus stated in Washburn on Real Property, vol. 2, p. 511 (3d Ed.):

"There is, however, a class of cases where a remainder is regarded as vested, although all the persons who may take are not ascertained or in esse, and cannot be until the happening of some future event. And that is where there is a devise to a class of which each member is equally the object of the testator's bounty, as to 'the children' of a person, some of whom are living at the testator's death. As, for instance, upon a devise to A. for life, remainder to the children of J. S., if J. S. has children at the testator's death, they would take a vested remainder; and, if he were to have other children during the life of A., and before the remainder was to take effect in possession, it would open and let in the children born during A.'s life, who would take shares as vested remainders. And a like rule was applied in a case where a conveyance was made to a mother and her children, and their heirs. It was held to let in after-born children on the ground that it was a life estate in the mother, with a remainder to her children."

I cite, also, Doe ex dem. Barnes et al. v. Provoost et al., 4 Johns. 61, 4 Am. Dec. 249; Townshend v. Frommer et al., 125 N. Y. 446, 26 N. E. 805; section 5, Real Property Law (Laws 1896, p. 561, c. 547).

Without intending any impairment of the general rule that an estate depending upon an intermediate estate becomes vested ordinarily upon the death of the testator, or the delivery of the conveyance, as the case may be, we simply hold in this case that the circumstances signify it was intended to be a departure from that principle, and that all the children of Thompson Maxwell living upon the decease of Helen Maxwell were to share equally as tenants in common in the premises conveyed.

The appeal in this case is from an interlocutory judgment of partition entered upon the decision of the County Court. An appeal from an interlocutory judgment is only permissible when that judgment is rendered in the Supreme Court. Section 1349, Code Civ. Proc. An appeal from a final judgment of the County Court only is provided in the Code of Civil Procedure. Section 1340. The parties, to obviate this difficulty, have by written stipulation consented that the present appeal may be treated as a motion for new trial upon exceptions. For that reason we have concluded to consider the appeal on the merits.

The interlocutory judgment sets out the shares of the four children of Thompson Maxwell living at the time of the delivery of the conveyance, each being entitled to one-fourth of the premises described. This judgment should be amended by adjudging that after-born chil-

dren of said Thompson, to wit, the appellants, Mabel Robinson, Hattie Maxwell, William G. Maxwell, and Edmund P. Maxwell, are each entitled to share in said premises equally with each of the other children of said Thompson Maxwell; the interest of each therein being an undivided one-eighth of said premises.

The judgment, as so amended, is hereby affirmed, with costs of this appeal and of the court below, of all parties except Thompson Maxwell, to be taxed and paid out of the avails of the sale; the form of the decision to be settled before Mr. Justice SPRING on two days' notice.   All concur.