(112 App. Div. 456)

REES v. NEW YORK HERALD CO.

(Supreme Court, Appellate Division, First Department. April 20, 1906.)

1. LIBEL—NEWSPAPER PUBLICATIONS—LIBELOUS PER SE.

A newspaper published what purported to be a special dispatch from San Francisco, reciting that plaintiff's brother had arrived from New York, and announced in "Judge Morgan's Court that he was prepared to see that his brother returned to New York. The judge thereupon ordered [plaintiff] released." *Held*, that such publication was not libelous per se, as impliedly stating that plaintiff was under arrest for some offense in San Francisco.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Libel and Slander, § 22.]

2. PLEADING—COMPLAINT—DEMURRER—LEAVE TO AMEND.

Where a demurrer was sustained to a complaint for libel because it did not plead a publication which was libelous per se, plaintiff should have been granted leave to serve an amended complaint.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, §§ 575–582.]

3. APPEAL—RULINGS APPEALABLE—DECISIONS SUSTAINING DEMURRER.

A decision sustaining a demurrer to a complaint, as distinguished from the interlocutory judgment entered thereon, is not appealable.

Laughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by Richard L. Rees against the New York Herald Company. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals. Modified and affirmed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Robert Goeller, for appellant.
Robert W. Candler, for respondent.

INGRAHAM, J. The action is for libel. The demurrer to the complaint was sustained upon the ground that the publication was not libelous per se. The article complained of was what purported to be a special despatch to the New York Herald, headed "R. L. Rees is released," dated "San Francisco, Cal., Thursday," as follows:

"Howard Caradoc Reese, brother of R. Llewelyn Reese, arrived from New York to-day, and announced in Judge Morgan's court that he was prepared to see that his brother returned to New York. The judge thereupon ordered Reese released."

The complaint, by way of innuendo, attempted to extend this libel to a charge that the plaintiff had been imprisoned for a crime, or was insane, but it was conceded that these innuendoes were much beyond anything that could properly be inferred from the words used, and it is claimed by the plaintiff that they should be disregarded and the complaint held good, upon the ground that the publication was libelous per se.

Considering this publication, without an innuendo, it seems to me quite clear that it was not libelous. There is no charge, but only an inference, that the plaintiff was under any restraint. The statement that the plaintiff's brother had arrived from New York, and had announced in a court that he was prepared to see that his brother returned to New York, and that thereupon the judge ordered the plaintiff released, was quite inconsistent with the fact that he was in custody charged with the commission of a crime; for a person charged with a crime is not released because it is stated that he intends to return to New York. Just why it was necessary that the judge should order his release is not stated, nor was there anything said from which an inference could be drawn that the plaintiff had been guilty of any crime or other disgraceful or dishonest act.

No leave was awarded to the plaintiff to withdraw the demurrer and serve an amended complaint, but I think he should have that right. The judgment appealed from should therefore be modified by sustaining the demurrer, with costs in the court below, and allowing the plaintiff to serve an amended complaint within 20 days after the service of a copy of this order, upon the payment of such costs, and the judgment, as so modified, affirmed, without costs of this appeal.

The plaintiff in his notice of appeal also appeals from the decision of the court sustaining the demurrer. As no such appeal is allowed by the Code of Civil Procedure, the appeal from the decision should be dismissed, with costs. Spies v. Munroe, 35 App. Div. 527, 54 N. Y. S. 916.

O'BRIEN, P. J., and PATTERSON and CLARKE, JJ., concur.

LAUGHLIN, J. I dissent, on the ground that the article is libelous per se.