(112 App. Div. 500)

GANSEVOORT BANK v. EMPIRE STATE SURETY CO.

(Supreme Court, Appellate Division, First Department. April 20, 1906.)

1. PLEADING—DEMURRER—EFFECT OF DEMURRER AS OPENING RECORD.

On a demurrer to an answer the sufficiency of the complaint is to be examined, as a demurrer searches the record for the first fault in the pleading.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, §§ 540–548.]

2. BONDS—ACTION ON BOND—COMPLAINT—SUFFICIENCY.

Code Civ. Proc. § 481, requires a complaint to contain a plain statement of the facts constituting the cause of action. Code Civ. Proc. § 1915, provides that the condition in a bond given in a penal sum has the same effect as if it contained a covenant to pay the sum or perform the act specified in the condition thereof. A complaint in an action against a surety company alleged that a third person delivered his note to plaintiff, who declined to receive it without additional security, that the maker deposited with plaintiff as security for the amount a bond of himself and defendant, and that the note was not paid; and it was then alleged that concurrently with the delivery of the note defendant delivered to plaintiff a bond by which it acknowledged it was bound to plaintiff in the sum of $10,000, that the bond was conditioned for the payment of $5,000, and that by reason of the failure of the maker of the note to pay the amount due on the foot of the

note there was a breach of the condition, and that all the conditions were fulfilled and all things happened and all times elapsed necessary to entitle plaintiff to maintain the action for recovery on foot of the bond for the amount of the note. *Held*, that the complaint was insufficient, as it did not state that the bond was conditioned by the payment of the maker of the note, and the statements that all conditions were fulfilled, etc., were mere conclusions.

3. APPEAL—DECISIONS REVIEWABLE—INTERLOCUTORY DECISIONS.

An appeal from the "decree" sustaining a demurrer, upon which an interlocutory judgment sustaining the demurrer was entered, is dismissible, as no appeal is allowed by the code from a decision.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, § 411.]

Appeal from Special Term, New York County.

Action by the Gansevoort Bank against the Empire State Surety Company. From a judgment sustaining a demurrer to a partial defense set up in the answer, and from the "decree" sustaining the demurrer, defendant appeals. Judgment sustaining the demurrer to the partial defense reversed, and dismissed on the appeal from the "decree."

Argued before O'BRIEN, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

Benjamin Reass (Hirsh & Rasquin, of counsel), for appellant.
J. Campbell Thompson, for respondent.

CLARKE, J. This action was brought to recover the sum of $3,700 on a surety bond or undertaking. Defendant interposed as a partial defense usury, and to this defense plaintiff demurred. The demurrer was sustained. The matters pleaded as a partial defense are conceded to have been bad; but it is urged that, inasmuch as the complaint does not state facts sufficient to constitute a cause of action, any defense was good. "A bad answer is good enough for a bad complaint." "A demurrer searches the record for the first fault in pleading, and reaches back to condemn the first pleading that is defective in substance; because he who does not so plead as to invite an issue cannot compel his adversary to so plead as to accept it." Baxter v. McDonnell, 154 N. Y. 432, 48 N. E. 816. It is necessary, therefore, to examine the complaint.

It alleges that one Newman delivered to the plaintiff, for value received, his note, by which he promised to pay $5,000 four months after date, but that, prior to the delivery and negotiation of the note, plaintiff declined to receive it without additional security, and that, when the note was delivered, Newman, as an inducement to the plaintiff to take the note, deposited with it as security for the amount a bond of himself and the defendant, and also a certified check for $1,500, and thereupon the plaintiff took the note, and that the note was subsequently dishonored and protested for nonpayment, no part of which has been paid, except the certified check. The complaint then alleges that concurrently with the delivery of the note the defendant executed and delivered to the plaintiff a bond, by which it acknowledged it was held and bound to the plaintiff in the sum of $10,000, payment of which it bound itself to make; that the bond was conditioned for the payment of $5,000, and that by reason of the failure of New-

man "to pay the amount 'due on foot of said note there has been a breach of the condition of said bond"; "that all conditions were fulfilled, and all things happened, and all times elapsed necessary to entitle the plaintiff to maintain this action for recovery on foot of said bond of the amount of said note less by the said $1,500."

The complaint evidently attempts to state a cause of action for a breach of the conditions of the bond. Under section 1915 of the Code of Civil Procedure the condition in a bond given in a penal sum such as the one at bar "has the same effect * * * as if it contained a covenant to pay the sum, or to perform the act specified in the condition thereof." The condition of the bond—that is, the covenant of the defendant—is not set forth in full or alleged in its legal effect, except in that it is alleged "that said bond was conditioned for the payment of $5,000." But it goes on to say "that solely by reason of the failure as herein stated of the said Randolph M. Newman to pay the amount due on foot of said bond there has been a breach of the conditions of said bond." It therefore appears that the conditions in the bond are not simply for the payment of $5,000, and that the breach of them is predicated solely upon an act or failure to perform an act by Newman. If that act of Newman, whatever it may be, be the condition of the bond for the breach of which the action was brought, it is nowhere stated in the complaint. For all that appears this bond may have been for any purpose beside security for the payment of a note, as, for instance, as collateral security for the payment of a mortgage on real estate, or security for the faithful service of an employé. Indeed, the complaint leaves it in doubt whether the bond alluded to in the fourth paragraph of the complaint is the same bond attempted to be described in the seventh paragraph thereof.

Not having set forth the terms and conditions of the bond, other than the final sum thereof and the amount of the condition thereof, the attempted allegations of the breach thereof are solely of conclusions. "That all conditions were fulfilled," there being no statement of what the conditions were, "and all things happened," no things being set forth, "and all times elapsed necessary to entitle the plaintiff to maintain this action," with no dates or periods or times set forth, are pure conclusions, and hence bad. The complaint must contain "a plain and concise statement of the facts constituting each cause of action without unnecessary repetition." Section 481, Code Civ. Proc. There are no facts set up to enable the court to determine whether the alleged conclusions are properly drawn. It nowhere having been stated in the complaint that the bond was conditioned by the payment by Newman of the amount due on foot of said note, the allegation in the eighth paragraph is a clear legal conclusion. It does not give the defendant an opportunity to deny and raise an issue. That this complaint is bad is too obvious to justify citation.

It follows, therefore, that the judgment sustaining the demurrer to the partial defense should be reversed, with costs, upon the ground of the insufficiency of the complaint, and the demurrer overruled, with costs, with leave to the plaintiff to withdraw the demurrer on payment of such costs, or to apply to the Special Term for leave to amend.

The defendant, in its notice of appeal, also appeals from the "de-

cree" sustaining the demurrer, upon which the interlocutory judgment was entered. There is nothing that this could apply to except the decision upon which the interlocutory judgment was entered; and, as no appeal is allowed by the Code of Civil Procedure from a decision, such appeal is dismissed, with costs. Spies v. Monroe, 35 App. Div. 527, 54 N. Y. Supp. 916. All concur.