(128 App. Div. 876.)

### FOX v. FOX et al.

(Supreme Court, Appellate Division, Second Department. November 27, 1908.)

APPEAL AND ERROR (§ 66*)—INTERLOCUTORY JUDGMENT.

 Appeal will not lie from an interlocutory judgment of the County Court, appeal being provided for by the Code only from final judgments of that court, though from interlocutory judgments of the Supreme Court; but the proper practice is by appeal from the final judgment, or a motion for new trial, under Code Civ. Proc. § 1001, in the Appellate Division of the Supreme Court, on which motion, however, only questions of law arising on rulings duly excepted to are reviewable.

 [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 66.*]

Appeal from Queens County Court.

Action by John J. Fox against John J. Fox, individually and as administrator de bonis non of William Fox, deceased, and others. From an order denying the motion of defendant Frederick H. Cox to vacate and set aside a certain portion of an interlocutory judgment, and to allow a new trial, he appeals. Dismissed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

George Wallace, for appellant.
Stephen H. Voris, for respondents.

JENKS, J. This action, brought in the County Court for a partition of certain parcels of realty, proceeded to an interlocutory judgment. Thereupon Cox, one of the defendants in that court, upon his affidavit and upon the testimony and all the papers in the action, moved for an order to vacate and to set aside the said interlocutory judgment, to allow and to direct a new trial of the issues raised by his answer and the reply thereto, and to grant to him such other and further order and relief as might be just and equitable. This appeal is by Cox from the order denying his motion to vacate and set aside so much of the interlocutory judgment as relates to parcel No. 2 described therein, and to allow a new trial of the issues raised by his answer. It appears that the plaintiff made the said Cox and Lawrence defendants because they asserted "some claim" under a certain contract executed by the original owner of the property, "as to the merits of which claim" the plaintiff pleaded ignorance. Of these two defendants Cox alone appeared and answered that a contract was extant made by Fox to convey to him and Lawrence one of the parcels of the land sought to be partitioned in this action, and prayed for a specific performance thereof as to him alone. The issue thus raised was tried by the court, but the said interlocutory judgment denied any relief to Cox save repayment of certain moneys paid by him on account of the contract.

We think that we cannot entertain this appeal. An appeal from an interlocutory judgment is only permissible when that judgment is rendered in the Supreme Court. It is only an appeal from a final judgment of the County Court that is provided for in the Code of Civil Procedure (section 1340). Russ v. Maxwell, 94 App. Div. 107, 87 N. Y. Supp. 1077. We think that the proper practice is ei-

ther appeal from the final judgment, or a motion made pursuant to the provisions of section 1001 of the Code of Civil Procedure. See Nichol's New York Practice, vol. 3, p. 2727. Upon such a motion, however, only questions of law arising on rulings duly excepted to are presented for review. Raynor v. Raynor, 94 N. Y. 248; Dorchester v. Dorchester, 121 N. Y. 156, 23 N. E. 1043. In the case of Russ v. Maxwell, supra, the appeal had been taken from an interlocutory judgment, but the parties stipulated that the appeal in that case might be treated as a motion for a new trial made upon exceptions, and the court therefore considered the appeal upon the merits. There is no such stipulation here, and, of course, the parties cannot be compelled to make one.

The appeal must be dismissed, but without costs.

Appeal dismissed. All concur.