JOSEPH BETOR, by MICHAEL BETOR, His Guardian ad Litem, Respondent, *v.* THE CITY OF ALBANY, Appellant.

Third Department, September 8, 1920.

Appeal — demurrer to defense tried as contested motion — order of County Court sustaining demurrer affects substantial rights — judgment — when judgment in favor of landowner sued for negligence is bar to subsequent action against city for allowing maintenance of nuisance.

An order of a County Court sustaining a plaintiff's demurrer to a defense contained in an answer after a trial as a contested motion is appealable. The result of such motion is an order and not a judgment and said order affects a substantial right.

Where a plaintiff who was injured by falling into a cellarway extending from
   the house line into the sidewalk was defeated upon the merits in an action
   brought against the owner of the house, the judgment in said action
   is a bar to a subsequent action against the city for allowing the existence
   of such nuisance, where it is not claimed that the city created the nuisance
   and its liability is based only upon the fact that it permitted the nuisance
   to remain. Under the circumstances the owner of the house would be
   liable over to the city, and the judgment in his favor frees the city from
   liability.
WOODWARD, J., dissents, with opinion.

APPEAL by the defendant, The City of Albany, from an
order made at a Special Term of the County Court of the
county of Albany and entered in the office of the clerk of the
county of Albany on the 27th day of March, 1920, sustaining
the plaintiff's demurrer to the defense set forth in the fifth
paragraph of defendant's answer, upon the ground that said
defense is insufficient in law on the face thereof.

The issue of law herein was brought on and tried as a con-
tested motion pursuant to section 976 of the Code of Civil
Procedure.

*Arthur L. Andrews* [*John J. McManus* of counsel], for the
appellant.

*Thomas F. Wilkinson*, for the respondent.

JOHN M. KELLOGG, P. J.:

One O'Neill maintained a cellarway extending from the house
line into the sidewalk, and a frame erection prevented pedes-
trians from falling into it from the side, or at one end; the other
end apparently was open. It is claimed that the cellarway
extending into the sidewalk was a nuisance and that the defend-
ant is liable for the damages sustained by the plaintiff who,
in using the sidewalk, fell into the cellarway. The answer
alleges that the plaintiff had brought an action against O'Neill
for the same injury, and had been defeated upon the merits,
and that if the city was liable O'Neill would be liable over to
it and, therefore, that the O'Neill judgment constituted a
defense.

I think the order is appealable. A judgment of the County
Court, to be appealable, must be final. (Code Civ. Proc.
§ 1340.) And clearly an interlocutory judgment is not a final

judgment and, therefore, is not appealable. (*Henn* v. *City of Mount Vernon,* 190 App. Div. 533.) The question here does not relate to a judgment but to an order. The plaintiff brought the demurrer on for trial as a contested motion, and the result of the motion is an order and not a judgment. (*National Park Bank* v. *Billings,* 144 App. Div. 536; affd., 203 N. Y. 556.) The order contemplates no judgment upon it, but is a final determination that the alleged defense is without force. It, therefore, affects a substantial right. (See Code Civ. Proc. § 1342.)

It is not claimed that the city created the nuisance. It resulted from the acts of O'Neill, and any liability of this defendant is in permitting it to remain. The fault of O'Neill was the cause of the accident. The city was liable for permitting O'Neill's wrong to continue. Therefore, O'Neill would be liable over to the city, and the judgment in his favor frees the city from liability, as it cannot be liable if he is not. (*Featherston* v. *N. & C. Turnpike,* 71 Hun, 109; *City of New York* v. *Hearst,* 142 App. Div. 343; affd., 221 N. Y. 671; *Pangburn* v. *Buick Motor Co.,* 211 id. 228.) I, therefore, favor a reversal.

All concur, except WOODWARD, J., who votes to dismiss the appeal, with an opinion.

WOODWARD, J.: (dissenting):

The complaint in this action asks for damages to the plaintiff by reason of a fall into an unguarded or defectively protected areaway in Dongan avenue in the city of Albany. The defendant answering denies the material allegations of the complaint and sets up new matter in defense. In the 5th numbered paragraph of the answer it pleads as a defense that the premises where the injury occurred belonged to one O'Neill; that the plaintiff had previously brought an action against the said O'Neill in the City Court and that judgment had been rendered against the plaintiff upon the merits upon the same facts pleaded in this action; that there had been no appeal from this judgment, and that by reason of the adjudication the city of Albany would be deprived of all remedy against the said O'Neill, and generally that the plaintiff was estopped to

maintain this action. · The plaintiff demurred to this defense
on the ground that the same is insufficient in law upon the face
thereof. The demurrer came on for argument before the
County Court, in which the action was brought, and resulted
in an order sustaining the demurrer. The defendant gives
notice " that the defendant hereby appeals  *  *  *  from
an order made herein by the County Court of the County of
Albany on the 27th day of March, 1920,  *  *  *  and from
each and every part of said order," and we are confronted at
the threshold of the inquiry whether this court is authorized
to hear the appeal.

The appellant urges that the order sustaining the demurrer
is appealable to this court under section 1342 of the Code of
Civil Procedure, and cites several cases controlling here
provided they have passed upon the point, and attempts to
distinguish the very recent case of *Henn* v. *City of Mount
Vernon* (190 App. Div. 533), where the defendant attempted
to appeal from an interlocutory judgment of the County
Court of Westchester county sustaining a demurrer to a
separate defense, and the appeal was dismissed. The court
in that case say that the appeal must be dismissed " because
an appeal from an interlocutory judgment is only permissible
when the judgment is rendered in the Supreme Court," citing
section 1340 of the Code of Civil Procedure; *Fox* v. *Fox* (128
App. Div. 876) and *Russ* v. *Maxwell* (94 id. 107). I am
unable to understand the supposed distinction, and am of the
opinion that *Keyes* v. *Lestershire Heights Realty Co.* (170
App. Div. 926; 173 id. 336); *National Park Bank* v. *Billings*
(144 id. 536); *Furniss* v. *Furniss, No. 1* (148 id. 211), and
*Shiffner* v. *Beck* (159 id. 821) do not sustain the contention.
These cases deal with the practice under the provisions of
sections 547 and 976 of the Code of Civil Procedure, and
do not pretend to make rulings upon matters of appeal.

Section 1340 of the Code of Civil Procedure provides that
" an appeal may be taken to the Appellate Division of the
Supreme Court, from a final judgment, rendered by a County
Court," and section 1342 provides that " an appeal may also·
be taken as provided by section 1340, from an order affecting
a substantial right, made by the court or a judge, in an action
brought in, or taken by appeal to, a court specified in said

section." But an order sustaining a demurrer to a defense, which does not determine the cause of action, is not an order affecting a substantial right; it is the basis for an interlocutory judgment, and this may be reviewed only upon an appeal from the final judgment. (*Fox* v. *Fox*, 128 App. Div. 876; *Henn* v. *City of Mount Vernon*, 190 id. 533.) This is emphasized by the provision of section 1349 that an appeal may be taken to the Appellate Division of the Supreme Court " from an interlocutory judgment rendered at a Special Term or Trial Term of the Supreme Court, or entered upon the report of a referee." In *Cambridge Valley Nat. Bank* v. *Lynch* (76 N. Y. 514) the defendant demurred to the complaint and the demurrer was sustained. The plaintiff appealed to the General Term, and that court dismissed the appeal upon the ground that the decision was not appealable for the reason that it was an order and not an interlocutory judgment. The plaintiff claimed that the order was an interlocutory judgment and, as such, appealable. The Court of Appeals, in affirming the order of the General Term, held that the order, declaring the decision of the court, was not an interlocutory judgment and, therefore, not appealable, and this authority is relied on in *Spies* v. *Munroe* (35 App. Div. 527). In the case cited there was a demurrer to a separate defense set up in the defendants' answer upon the ground that it was insufficient in law, just as in the present case. The demurrer was sustained and the defendants appealed, not only from the interlocutory judgment, but from the decision of the court upon which the interlocutory judgment was entered. The court say: " there is no authority for appealing from the decision. (*Cambridge Valley Nat. Bank* v. *Lynch*, 76 N. Y. 514.) The appeal must be from the interlocutory judgment. (Code Civ. Proc. § 1349.) So much, therefore, of the appeal as is taken from the decision must be dismissed." To the same effect are *Olin* v. *Arendt* (35 App. Div. 529); *Gansevoort Bank* v. *Empire State Surety Co.* (112 id. 500, 503) and *Rees* v. *New York Herald Co.* (Id. 456).

It seems to me entirely clear that an order of the County Court, which merely sustained a demurrer to a special defense, but which could not dispose of the action, is not an order affecting a substantial right within the meaning of section

1342 of the Code of Civil Procedure, but is merely the foundation for an interlocutory judgment which may be reviewed on appeal from the final judgment under the provisions of section 1316 of the Code of Civil Procedure. Section 1340 clearly provides for an appeal from a final judgment of the County Court, and section 1316 insures the right to review, upon an appeal from a final judgment, " an interlocutory judgment, or an intermediate order, which is specified in the notice of appeal, and necessarily affects the final judgment; and which has not already been reviewed, upon a separate appeal therefrom, by the court or the term of the court, to which the appeal from the final judgment is taken." This merely postpones the right of appeal to the time when the case shall have been finally reduced to judgment, and the special provision for appeal from interlocutory judgments rendered by the Supreme Court in section 1349 indicates clearly a legislative purpose to deny such a right to interlocutory judgments or intermediate orders of County Courts. An intermediate order which necessarily affects the final judgment, and which may be reviewed upon an appeal from the final judgment, cannot be said to affect a substantial right of the appellant. The right to appeal is purely statutory, and here the statute has provided a complete review of all questions arising in the course of the action. What more can be fairly asked? The question sought to be reviewed here may never become of importance, for the plaintiff may never establish his cause of action, and we ought not be astute in discovering methods of increasing the burden of the appellate courts beyond the policy deliberately adopted by the laws of the State.

To affirm the order appealed from would be to prevent the defendant from reviewing the question of law raised by the demurrer on an appeal from the final judgment, and as I am of the opinion that this court is not authorized to review an interlocutory judgment of the County Court at this stage of the action I conclude that the appeal should be dismissed.

The appeal should be dismissed, with costs.

Order reversed, with ten dollars costs and disbursements, and demurrer overruled, with ten dollars costs.